**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | | |
|---|---|---|
| TERRI L. GARRIGUS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **Case No.** 1:19-cv-1999-TWP-MJD |
| | ) | |
| FAY SERVICING, LLC., CODILIS LAW, LLC., | ) | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, | ) | |
| as Trustee for CVF III Mortgage Loan Trust II, and | ) | |
| LAND HOME FINANCIAL SERVICES, INC. | ) | |
| | ) | |
| *Defendants*. | ) | |

**CASE MANAGEMENT PLAN**

**I.**    <u>**Parties and Representatives**</u>

A.            Plaintiff:       **Terri L. Garrigus**

               Defendants:   **Fay Servicing, LLC**
                              **Codilis Law, LLC**
                              **U.S. Bank National Trust Association,** as Trustee for CVF III
                              Mortgage Loan Trust II
                              **Land Home Financial Services, Inc.**

B.                            Travis W. Cohron
                              Michael P. Maxwell, Jr.
                              **CLARK QUINN MOSES SCOTT & GRAHN, LLP**
                              320 N. Meridian Street, Suite 1100
                              Indianapolis, IN 46204
                              T: 317 637-1321
                              F: 317 687-2344
                              tcohron@clarkquinnlaw.com
                              mmaxwell@clarkquinnlaw.com
                              *Counsel for Plaintiff*

                              James V. Noonan
                              **NOONAN & LIEBERMAN, LTD.**
                              105 W. Adams, Suite 1800

Chicago, IL 60603
T: 312-431-1455
F: 312-431-1456
jnoonan@noonanandlieberman.com
***Counsel for Fay Servicing, LLC and***
***U.S. Bank National Trust Association***

David Schultz
Joseph D. Kern
**HINSHAW & CULBERTSON LLP**
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
T: 312-704-3000
F: 312-704-3001
dschultz@hinshawlaw.com
dkern@hinshawlaw.com
***Counsel for Codilis Law, LLC***

Jennifer Kalas
**HINSHAW & CULBERTSON LLP**
322 Indianapolis Blvd., Suite 201
Schererville, IN 46375
T: 219-864-5051
dschultz@hinshawlaw.com
dkern@hinshawlaw.com
jkalas@hinshawlaw.com
***Counsel for Codilis Law, LLC***

Kristin L. Duranski
**CODILIS LAW, LLC**
8050 Cleveland Place
Merrillville, IN 46410
T: 219 736-5579
F: 219 756-1810
Kristin.duranski@codilis.com
***Counsel for Codilis Law, LLC***

Michael J. Feiwell
Bryan Keith Redmond
**FEIWELL & HANNOY, P.C.**
8514 Allison Pointe Blvd., Suite 400
Indianapolis, IN 46250
T: 317-237-2727
F: 317-237-2717
mfeiwell@feiwellhannoy.com
bredmond@feiwellhannoy.com

*Counsel for Land Home Services, Inc.*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

A. Plaintiff filed this case asserting claims under the Real Estate Settlement Procedures Act, 12 U.S.C. §2605, the Truth in Lending Act, 15 U.S.C. § 1639, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. The basis of subject matter jurisdiction is federal question.

B. **Plaintiff's Position:** This action is based on the Defendants' various mortgage servicing related errors and failure to follow reasonable procedures to correct and/or cease committing said errors upon receipt of statutorily defined notice to do so. In turn, these errors and failure to correct errors caused actual damage to the Plaintiff.

C. **Fay Servicing, LLC's Position:** Fay Servicing, LLC denies each and every allegation directed against them. Fay Servicing, LLC further denies that Plaintiff suffered any actual damages.

**Codilis Law, LLC's Position:** Plaintiff asserts only one claim against Codilis. In particular, Plaintiff alleges Codilis violated the FDCPA. Codilis denies the FDCPA applies, denies all liability, and denies it violated the FDCPA. Codilis also denies it caused Plaintiff any actual damages or that Plaintiff suffered any actual damages as a result of its alleged conduct. Finally, Codilis denies that Plaintiff is entitled to statutory damages, attorneys' fees, or any other relief.

**U.S. Bank National Trust Association's Position:** None provided.

**Land Home Financial Services, Inc.'s Position:** Land Home Financial Services, Inc. denies each and every allegation directed against it. Plaintiff asserts a claim against Land Home Financial Services, Inc. for violation of Section 10 of RESPA, but a private cause of action does not exist under that statute. Plaintiff asserts a claim against Land Home Financial Services, Inc. for failing to comply with certain provisions of RESPA relating to qualified written requests; however, Plaintiff's exhibits establish the Land Home Financial Services, Inc. never received the alleged qualified written request. Plaintiff appears to assert a claim against Land Home Financial Services, Inc. under TILA, but admits that Land Home Financial Services, Inc. does not fall within the definition of a creditor. Plaintiff asserts that Land Home Financial Services, Inc. violated 11 U.S.C. §362 and Bankruptcy Rule 3002; however, Plaintiff's bankruptcy related claims were referred to the bankruptcy court and the referral has not been withdrawn. Land Home Financial Services, Inc. further denies that Plaintiff suffered any actual pecuniary damages.

III.   **Pretrial Pleadings and Disclosures**

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **August 23, 2019**.

B.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before **August 30, 2019**.

C.   Defendant(s) shall file preliminary witness and exhibit lists on or before **September 6, 2019**.

D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **October 4, 2019**.

E.   Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **August 30, 2019**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 21 days after receipt of the demand**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 15, 2020**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on  or before **June 15, 2020.**

G.   Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later  than 90 days prior to the dispositive motion deadline**.  If such expert disclosures  are served the parties shall confer **within 7 days** to stipulate to a date for  responsive disclosures (if any) and completion of expert discovery necessary for  efficient resolution of the anticipated motion for summary judgment. The parties  shall make good faith efforts to avoid requesting enlargements of the dispositive  motions deadline and related briefing deadlines.  Any proposed modifications of  the CMP deadlines or briefing schedule must be approved by the Court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **September 4, 2020**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief  within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **June 15, 2020**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      Discovery of electronically stored information ("ESI"). Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in .PDF format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.   Discovery[1] and Dispositive Motions

A.      Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Yes, Codilis anticipates filing a motion for summary judgment as to Plaintiff's FDCPA claim.

Yes, Land Home Financial Services, Inc. anticipates filing a motion summary judgment relating to Plaintiff's claims against it to the extent that Plaintiff amends the complaint to cure the defects identified in Land Home Financial Services, Inc.'s motion to dismiss for failure to state a claim.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

B.      On or before **March 13, 2020**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      Non-expert witness discovery and discovery relating to liability issues shall be completed **March 6, 2020**; all remaining discovery shall be completed by no later than **August 14, 2020**.

D.      Plaintiff shall file any dispositive motion on or before **April 3, 2020**; Defendants shall respond to Plaintiff's dispositive motion, and shall include any cross-dispositive motion, on or before **May 4, 2020**; Plaintiff shall respond to Defendants' cross-dispositive motion, and shall include any reply in support of Plaintiff's dispositive motion, on or before **June 4, 2020**; Defendants shall file any reply in support of their cross-dispositive motion on or before **June 19, 2020**.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

## V.    <u>Pre-Trial/Settlement Conferences</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in February, 2020.

## VI.    <u>Trial Date</u>

This matter will be ready for trial in or after **January, 2021**. The trial is by **jury** and is anticipated to take **two days**.

## VII.    <u>Referral to Magistrate Judge</u>

A.      **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.      **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should

file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.   Required Pre-Trial Preparation

A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of  these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by  opposing counsel.  Stipulations as to the authenticity and admissibility of  exhibits are encouraged to the greatest extent possible.

3.   Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.   brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of  the actual deposition testimony to eliminate time reading  depositions in a question and answer format, this is strongly  encouraged.); or

b.   if a summary is inappropriate, a document which lists the portions  of the deposition(s), including the specific page and line numbers,  that will be read, or, in the event of a video-taped deposition, the  portions of the deposition that will be played, designated  specifically by counter-numbers.

5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court  in writing.  Any objections shall be made in the same manner as for  proposed exhibits.  However, in the case of objections to video-taped  depositions, the objections shall be brought to the Court's immediate  attention to allow adequate time for editing of the deposition prior to trial.

    3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   <u>Other Matters</u>

None.

Respectfully submitted, this 13th day of August.

By: */s/Travis W. Cohron*
Travis W. Cohron
Michael P. Maxwell
**C**LARK **Q**UINN **M**OSES **S**COTT & **G**RAHN, LLP
tcohron@clarkquinnlaw.com
mmaxwell@clarkquinnlaw.com
***Counsel for Plaintiff***

By: */s/*_____
James V. Noonan
**N**OONAN & **L**IEBERMAN, LTD.
jnoonan@noonanandlieberman.com
***Counsel for Fay Servicing, LLC and***

*U.S. Bank National Trust Association*

By: */s/*_____
Kristin L. Duranski
**CODILIS LAW, LLC**
Kristin.duranski@codilis.com
*Counsel for Codilis Law, LLC*


By: */s/ Joseph D. Kern*
Jennifer Kalas
David Schultz


Joseph D. Kern
**HINSHAW & CULBERTSON LLP**
dschultz@hinshawlaw.com
dkern@hinshawlaw.com
jkalas@hinshawlaw.com
*Counsel for Codilis Law, LLC*

By: */s/*BRYAN K. REDMOND
Michael J. Feiwell
Bryan Keith Redmond
**FEIWELL & HANNOY, P.C.**
mfeiwell@feiwellhannoy.com
bredmond@feiwellhannoy.com
*Counsel for Land Home Services, Inc.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **April 3, 2020**. Non-expert witness discovery and discovery relating to liability issues shall be completed **March 6, 2020**. |

Upon approval, this plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Dated:  20 AUG 2019

_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.