UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRI L. GARRIGUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-01999-TWP-MJD |
| ) | |
| U.S. BANK TRUST NATIONAL ) | |
| ASSOCIATION, ) | |
| FAY SERVICING, LLC., ) | |
| EQUIFAX INFORMATION SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| FAY SERVICING, LLC., ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LAND HOME FINANCIAL SERVICES, INC., ) | |
| ) | |
| Third Party Defendant. ) | |

**MINUTE ENTRY FOR FEBRUARY 6, 2020
SETTLEMENT CONFERENCE/STATUS CONFERENCE
HON. MARK J. DINSMORE, MAGISTRATE JUDGE**

The parties appeared in person and by counsel for a settlement conference.  Settlement was not achieved.

Following the settlement conference, the Court and parties conducted a status/discovery conference.

This matter is scheduled for a telephonic status conference on **Friday, June 19, 2020 at 10:30 a.m. (Eastern)** to discuss case status.  Counsel shall attend the status conference by

calling the designated telephone number, to be provided by the Court via email generated by the Court's ECF system.

In addition, this matter is scheduled for a settlement conference on **Wednesday, January 6, 2021 at 9:00 a.m. (Eastern)**, in Room 257, United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana, before Magistrate Judge Mark J. Dinsmore.

**Unless excused by order of the court, clients or client representatives with complete authority to negotiate and communicate a settlement shall attend the settlement conference along with their counsel.** This requires the presence of each party, or the authorized representative of each corporate, governmental, or other organizational entity. Any legal entity and/or any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference. That representative must have final settlement authority to commit the company to pay, in the representative's own discretion, the amount of plaintiff's most recent demand, or in the case of the representative of an insurance company that is not a party, the total amount within any policy limits, if such amount is lower than the plaintiff's most recent demand; such representative may not be counsel of record for a party in the matter.[1] The purpose of this requirement is to have in attendance a representative who has the authority to exercise discretion to settle the case during the settlement conference without consulting someone else who is not present.

---

[1] A representative of a corporate party or an insurance company who has any predetermined limits upon the extent of their authority to resolve this matter fails to satisfy this requirement. The purpose of this requirement is to ensure that each legal entity and insurance company participating in the proceeding has present a representative who can listen to the arguments and other discussion which take place during the settlement conference and make a full and independent determination regarding the appropriate settlement value of the case without reference to any person or group of persons not present at the settlement conference and who can articulate the reasons for such determination to the Court based upon their sole and independent judgment.

**In addition, unless excused by written order of the court, every individual party, and EITHER THE CHIEF EXECUTIVE OFFICER OR THE CHIEF FINANCIAL OFFICER OF EVERY CORPORATE ENTITY that is a party, shall attend the settlement conference.**

No other persons are permitted to attend the settlement conference without leave of court.

**On or before five (5) business days before the settlement conference, the parties may submit (not file) supplemental confidential settlement statements** setting forth a **brief** statement of: (1) relevant facts, including any key facts that the party believes are admitted or in dispute; (2) damages, including any applicable back pay, mitigation, compensatory and/or punitive damages, or any other special damages; (3) the existence of any applicable liens; and (4) any pending or anticipated dispositive or other substantive motions and citation to controlling precedent in support of their respective legal positions. The confidential settlement statement should not exceed five pages, and submission of exhibits should be kept to a minimum. **Confidential settlement statements should be submitted via email to [MJDinsmore@insd.uscourts.gov](mailto:MJDinsmore@insd.uscourts.gov).** There is no need to follow any email submission with a hard copy.

**No later than twenty-eight (28) days before the settlement conference, Plaintiff(s) shall serve a settlement demand on Defendant(s),** which demand shall include a breakdown of any special damages sought by the Plaintiff(s), as well as a detailed explanation of the basis for any other amounts claimed in the demand (the "Demand"). The Demand should represent the actual initial good faith negotiating position of the Plaintiff(s) at the time it is made. **No later than fourteen (14) days before the settlement conference, Defendant(s) shall serve a good faith response to the Demand.** Such response should represent the actual initial good faith

negotiating position of the Defendant(s) at the time it is made.  **The parties shall submit (not file) courtesy copies of their respective demand and response to the Court at the time of service.  These should be emailed to the Magistrate Judge at [MJDinsmore@insd.uscourts.gov](mailto:MJDinsmore@insd.uscourts.gov).**

If, after the making of the demand and/or offer set forth above, an event occurs or information is discovered that materially alters the settlement position of any party, then a revised demand and/or offer shall be immediately proffered and any other confidential submissions to the Court that may be required in light of such altered settlement position(s) shall be immediately made.

If there exist any liens or potential liens upon Plaintiff(s) potential recovery, Plaintiff(s)' counsel shall fully inform themselves of the nature and amount of all such liens and shall undertake to negotiate a resolution of such liens in advance of the settlement conference and shall make arrangements to be in telephonic communication with representatives of any such lienholders during the course of the settlement conference for the purpose of negotiating a final resolution of any such liens.

The parties are instructed to jointly prepare and submit (not file) a draft settlement agreement, noting any disagreement by the parties.  The agreement in question should represent, to the extent possible in the circumstances, the final written agreement intended by the parties to resolve the case and should contain all material provisions that any party believes should be contained within such document, such that the settlement agreement proposed can be executed in full and final settlement of the matter at the successful conclusion of the settlement conference.  **The draft settlement agreement shall be emailed to the Magistrate Judge in Word format at [MJDinsmore@insd.uscourts.gov](mailto:MJDinsmore@insd.uscourts.gov) no later than five (5) business days before the**

**settlement conference.**

A request to vacate or continue the settlement conference must be made by motion filed with the court **no later than February 21, 2020**, except in exigent circumstances. These motions will be granted only for good cause.

Failure to comply with any of the provisions in this Order may result in sanctions.

Dated: 7 FEB 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.